UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DISTRICT

JOHN MICHAEL ARSENAULT,

           Plaintiff,

v.                                    Civil Action No.

BETSY DEVOS, in her official capacity as Secretary of the U.S. Department of Education, and the U.S. Department of Education; Michigan State University and Unnamed MSU Employees; and the Great Lakes Higher Education Corporation and Unnamed Great Lakes Higher Education Employees,

           Defendants.

_____/

SAMUEL J. BEHRINGER, JR.  P-23751
Attorney for Plaintiff
333 McKinley Avenue
Grosse Pointe Farms, MI 48236-3420
Telephone (313) 885-1948
Fax       (313) 886-6443
sblawd35@mns.com _____/

**VERIFIED COMPLAINT**

There is no other civil action commenced between these parties now or in the past.

*Samuel J. Behringer, Jr. (P-23751)*

Plaintiff John M. Arsenault brings this action pursuant to 28 U.S.C. 1331, the Administrative Procedures Act ("APA"), 5 U.S.C. 701-706, and the Declaratory Judgment Act, 28 U.S.C. 2201-2202, the common law and Michigan's statutory law (e.g. Michigan's Uniform Commercial Code) to redress the Defendant's violations of the Plaintiff John Michael Arsenault (hereinafter "Mr. Arsenault") said

Constitutional, Federal and State of Michigan rights, showing as follows:

## JURISDICTION AND VENUE

1. Because this action arises again the United States and under the Constitution and rules, laws and regulations of the United States, this Court has jurisdiction pursuant to 28 U.S.C. 1331.

2. Venue is proper in the Eastern District of Michigan pursuant to the Administrative Procedure Act (the "APA"), 5 U.S.C. 701-706, the Declaratory Judgment Act, 28 U.S.C. 2201-2202, and 28 U.S.C. 1331 and 1391.

3. The amount in controversy exceeds $58,547.53 as of February 4, 2019 exclusive of interest, costs and expenses.

4. Defendant BETSY DEVOS, is named solely in her present official capacity as Secretary of the U.S. Department of Education (hereinafter "Secretary"). Title IX of the Higher Education Act of 1965 ("HEA"), 20 U.S.C. 1070-1099d, charges the Secretary with the responsibility of administering and overseeing the Federal student loan programs, including the *Direct Loan Program*.

5. Defendant U.S. DEPARTMENT OF EDUCATION (Hereinafter, the "Department") is an agency of the United States within the meaning of the APA. The Department is responsible for administering and adopting regulations that implement Title IV of the HEA.

6. Defendant Michigan State University is a public institution located in East Lansing, Michigan.

7. Defendant Great Lakes Higher Education Corporation is a private corporation.

## INTRODUCTION

8. Pursuant to 28 U.S.C. 1331, the Administrative Procedures Act ("APA"), 5 U.S.C. 701-706, and the Declaratory Judgment Act 28 U.S.C. 2201-2202, the Plaintiff John Michael Arsenault (hereinafter

"Mr. Arsenault") brings this lawsuit to challenge the wrongful and unlawful denial of his February 5, 2019 *Loan Discharge Application: False Certification (Unauthorized Signature/Unauthorized Payment)*, Exhibit 1, and his March 15, 2019 *Loan Discharge Application: False Certification (Unauthorized Signature/Unauthorized Payment)*, Exhibit 2, submitted by this Plaintiff to obtain federal student loan discharges by the U.S. Department of Education and Secretary Betty DeVos ("Defendants") due to the invalidity and identity thefts of three-five USDE student loans and for pertinent injunctive relief barring collection activity of alleged student loans from this Plaintiff by involuntary income tax refund offset.

9. Plaintiff Arsenault also challenges, pursuant to the APA, Defendants' unlawful delays of the effective date of an updated *false certification discharge eligibility rule* intended to clarify student student loan discharge eligibility for involuntary USDA student loans made to citizens who have found themselves unknowingly and involuntarily taken advantage of by others and made the victims of identity theft.

## COUNT I
## MPN LIABILITY DOES NOT EXIST BECAUSE THE PURPORTED BORROWER NEVER ACTUALLY SIGNED THE MPN NOTE

1/16/2015 Master Promissory Note

(Exhibit 4)

10. Section 3-401(1) of the Uniform Commercial Code, as enacted in the State of Michigan at MCL 440.3401(1), states "A person is <u>not</u> liable on an instrument unless (i) the person signed the instrument..." See, Exhibit 3. This "rule is as old as the law merchant". White & Summers, <u>Handbook of The Law Under the Uniform Commercial Code</u>, Page 399, West Publishing Co. 1972; <u>Commercial Sav. Bank</u> v. <u>C & J Wood Products Co.</u>, 46 Mich. App., 207 NW2dd 401, 28 UCCRS 715.

11. Plaintiff Arsenault <u>never actually signed</u> the July 16, 2015 **DIRECT LOANS - FEDERAL DIRECT PLUS LOAN - MASTER PROMISSORY NOTE ("MPN")**. <u>See</u>, lower left hand corner, 1st page of Exhibit 4.

12. The Merriam-Webster Dictionary defines "signature" as "the name of a person <u>written by himself</u>

Case 2:19-cv-11013-BAF-EAS   ECF No. 1   filed 04/05/19   PageID.4   Page 4 of 16

4

or herself (emphasis added)."  See, The Merriam-Webster Dictionary, page 679 (1997).

13. "John M. Arsenault", as it appears on Exhibit 4, <u>is not a signature written by John M. Arsenault.</u> <u>himself</u>.

14. Plaintiff Arsenault denies ever he ever authored Defendant USDE to "execute" this instrument by computer/WPU printing his name on Exhibit 4, it calls for the **"Borrower's Signature"** in bold print.

15. The July 16, 2015 **DIRECT LOANS - FEDERAL DIRECT PLUS LOAN - MASTER PROMISSORY NOTE ("MPN")** contains only <u>a typewritten</u> name, an error/omission not put on the MPN by the Defendant, which is not the <u>actual</u> borrower's signature.  See, Exhibit 4.  The **MPN**:

    A. Has <u>no actual signature</u> anywhere on the 11 page document.
    B. Has <u>no</u> Notary Public signature attestation block.
    C. Is <u>not notarized</u>.
    D. Has no <u>self-affirmation penalty (e.g. fine or imprisonment) oath</u>.
    E. Has no provision which insures that the signature is by that person.

16. Plaintiff denies he executed this MPN by either (i.) actually signing his own name or (ii.) by actually printing the "John M. Arsenault" entry which appears on this **MPN** (Exhibit 4).

17. Plaintiff Arsenault has never owned a type writer, WPU or computer/printer capable of making the "John M. Arsenault" which appears on the MPN (Exhibit 4).

18. Plaintiff Arsenault denies he ever authorized anyone to "execute" this MPN on his behalf or by typing/printing "John M. Arsenault" as his signature on the MPN (Exhibit 4).

19. Based on the facts and allegations of this action and because it is <u>not actually</u> signed by Plaintiff Arsenault, the July 16, 2015 **DIRECT LOANS - FEDERAL DIRECT PLUS LOAN - MASTER PROMISSORY NOTE** ("MPN") (Exhibit 4) is an invalid and unenforceable nullity when asserted by the Defendant in this case.  A **"Borrower's Signature"** should be just that, a <u>Borrower's Signature</u>.

20. The shallow facts and circumstances of the purported execution of this MPN are too vague, unclear and unstated to recognize the Plaintiff as being liable.

## COUNT II

### LIABILITY ADMITTED ON "SUMMER 2016 LOAN"

(5/1/2016 Summer 2016 Application Form)

Accounting Due

21. Mr. Arsenault incorporates by reference Paragraphs 1 through 20 as though fully set forth herein.

22. On May 1, 2016 Plaintiff Arsenault signed, at the kitchen table of his former home in Yale, MI., a *"SUMMER 2016 FEDERAL PLUS LOAN APPLICATION FORM FOR PARENTS OF DEPENDANT STUDENT"* for a $6,133.00 Plus Loan to pay for a Summer 2016 semester riding Course at MSU for his daughter, Kelley Christine Arsenault. See, Exhibit 5.

23. No traditional promissory note was signed to evidence this $6,133.00 loan (and the Defendants have not provided Plaintiff a copy of same if such exists) and complete documents, despite Plaintiff's attorney's written requests, have not been produced by the Defendants.

24. The May 1, 2016 *"SUMMER 2016 FEDERAL PLUS LOAN APPLICATION FORM FOR PARENTS OF DEPENDANT STUDENT (Exhibit 5),* an admitted Application Form, is the only document the Defendants can rely upon to attempt to impose liability upon this Plaintiff, in this action, but it:

    A. Has no witness signatures lines.
    B. Has no witness signatures anywhere on the document.
    C. Has no Notary Public signature attestation.
    D. Is not notarized.
    E. Has no self-affirmation penalty (e.g. fine or imprisonment) oath.
    F. Is entirely without any provision which insures that the person signing it is that person.
    G. Contains no language which binds the Plaintiff to liability on "all loans"

25.     Plaintiff Arsenault never knew, never planned and never consented to be liable for any of his daughter's other MSU federal student loans.

26.     Plaintiff thus <u>admits</u> he is liable on this one student loan for $6,133.00 which, after deduction of payments made, is believed to total @$5,500.

27.     Plaintiff needs a full accounting of any and all loan payments/credits applied on this one loan (and any others) which indicate/proves the balance due USDE on this one loan only.

28.     Plaintiff Arsenault refused to and never did sign any other federal student loan documents for his daughter after May 1, 2016.

## COUNT III

### NO LIABILITY FOR OTHER THREE TO FIVE LOANS

29.     Mr. Arsenault incorporates by reference Paragraphs 1 through 28 as though fully set forth herein.

30.     The Defendants also seek to collect from this Plaintiff what is believed to be <u>three to five</u> other MSU student loans, which post-date the Count I and Count II "loans", which this Plaintiff contends, were arranged by unknown persons other than the Plaintiff.

31.     The defendant contends that, after the $6,133.00 second loan was made, he placed telephone calls to the MSU Student Loan office and the Great Lakes Higher Education Corporation (hereinafter "Great Lakes") to discuss the two loan situations with them and told them both that:

(A.)     He did not know about the first **MPN** loan (Exhibit 4).

(B.)     He did not sign for any loans made except the second (e.g. "Summer 2016") loan which he agrees was and is his unwanted responsibility to repay.

(C.)     He neither agreed to execute nor authorized any execution of documents which would have made him liable for the first and third through fifth other subsequent other loans because he had no notice of applications made for same by any third parties and had never consented to such loans being made.

32.    Despite the telephone call to the MSU Student Loan Office and Great Lakes, within days after he hung up, MSU and Great Lakes disbursed a third and then subsequently made and disbursed two to three other semester student loans without any pre-notice to him.

33.    Plaintiff Arsenault has been advised orally during telephone calls that he owes **@$72,000+** in loan principal and interest for three to five additional loan debts.

34.    In the Defendant's latest letter dated February 14, 2019, the Defendants demanded payment of $58,547.53 as of February 4, 2019 ($51,749.92 principal plus $6,797.61 interest).  Exhibit 5.  The Plaintiff <u>denies</u> these additional three to five asserted liabilities, denies execution of any related promissory note or application, and denies execution by him to document these additional liabilities.

35.    Despite repeated requests for documents, Defendants have produced only the single unsigned July 16, 2015 **MPN** (Exhibit 4) and the July 16, 2016 **Application (Exhibit 5)**.  No document has been produced by USDE to evidence any subsequent loans.

## COUNT IV
### <u>REGULATION OF CLAIMS BASED ON FALSE CERTIFICATION</u>

36.    Mr. Arsenault incorporates by reference Paragraphs 1 through 35 as though fully set forth herein.

37.    The USDE has generated controversy re-writing its Regulations at 34 CFR 685.215 and 34 CFR 682.402 which pertain to USDE rules governing the payment of claims based on false certification of a borrower's eligibility for a loan.

38.    In this action, the false certification of a Plaintiff Arsenault's eligibility for a loan grows out of the non-execution of the borrower's signature on the first MPN loan and the resultant lack of binding effect of the subsequent loan applications (a guess) and/or the lack of notes for subsequent loans three to five.

39.    After much controversy, the administrative rules which apply to USDE are due out of re-write on

July 1, 2019.

40. It is respectfully submitted that this CFR re-write is expected to result in a legitimization of the situation where a purported "borrower" like this Plaintiff, who has not been furnished with copies of the application or promissory notes for the "three-five" undocumented loans described in above paragraphs 16 through 20.

    A.    See, Comm of Mass v. USDE, Civil Action 17-cv-01331, USDC Dist of Columbia and Bauer v. DeVos, 17-cv-01330, USDC Dist of Columbia.

    B.    These regulations were to take effect July 1, 2017, but in October 2017 were reset to a July 1, 2018 effective date. In February 2018, the effective date was changed to July 1, 2019.

41. This Plaintiff believes and alleges that his identity was stolen when the subsequent loans were made after he signed the May 1, 2016 loan documents at the kitchen table of his then Yale residence. Someone realized loan documents such as the MPN (Exhibit 4) and/or the Applications for the Summer 2016 loan (Exhibit 5) and the subsequent loans could be signed outside of the MSU student loan offices and/or in the presence of a student loan officer. Such documents:

    A.    Are commercially unreasonable, defective and unsafe.
    B.    Have no witness signatures lines.
    C.    Have no witness signatures anywhere on the document.
    D.    Have no Notary Public signature attestation.
    E.    Are not notarized.
    F.    Have no self-affirmation penalty (fine or imprisonment) oath.
    G.    Are entirely without any provision which insures that the person signing it is that person.

42. Thus, this is how, according to the Plaintiff's best beliefs and as stated herein, his identity was stolen. Somebody, whom he does not know who, stole his identity by signing his name without authority and by inserting his personal data on the applications and subsequently submitted three to five (and maybe more) other student loan applications/notes bearing false Plaintiff Arsenault signatures.

43. Plaintiff is a divorced father of three children and resident of Macomb County, Michigan who resides at 50121 Dove Lane, Chesterfield, MI 48051-4000.

44. Mr. Arsenault works 6 and sometimes 7 days a week from 7:00 o'clock a.m. to 7:00 o'clock p.m., at an FCA Stamping Plant in Sterling Heights, Michigan.

45. Mr. Arsenault is a high school graduate.

46. Mr. Arsenault was divorced from his spouse of 25 years, Amy Arsenault (hereinafter Mrs. Arsenault"), in February of 2016 by a judgment entered in the St. Clair County Circuit Court in the State of Michigan.

47. Mr. Arsenault is presently 57 years of age and the ex-Mrs. Arsenault is presently @49.

48. The Arsenault's had three children, one of whom is a daughter, Kelley Christine Arsenault (hereinafter "Kelley C. Arsenault"), born December 3, 1996, age 23.

49. At all pertinent times, Kelley C. Arsenault was an undergraduate student at Michigan State University in her Junior and Senior years of college majoring in animal science.

50. Some parents are always willing to sign for their children's debts. Some don't. No law exists which requires them to do so, either way.

51. Mr. Arsenault did not, directly or by another person acting on his behalf, sign any MSU Plus Loan Application (or any other student loan application) after his May 1, 2016 signature was placed on the MSU Office of Financial Aid *Summer 2016 Federal Plus Loan Application Form for Parents of Dependent Students*. See, Exhibit 5.

52. The *Summer 2016 Federal Plus Loan Application Form for Parents of Dependent Students* is dated as having been signed on May 1, 2016.  See, Exhibit 5.

53. The *Summer 2016 Federal Plus Loan Application Form for Parents of Dependent Students* is a loan for one semester of university studies.  Exhibit 5.

54. The *Summer 2016 Federal Plus Loan Application Form for Parents of Dependent Students* does <u>not</u> have any provision in it which either reaffirms the MPN nor extends financing liability for any subsequent semesters or "all loans received" other than the "Summer 2016", part of its title.

55. The Plaintiff has asked the Defendants to produce all submitted student loan <u>applications</u> and notes but the only such document produced by the Defendants is the *Summer 2016 Federal Plus Loan Application form for Parents of Dependent Students (Exhibit 1)* and <u>no</u> other applications for any later Semester after the Summer of 2016 have been produced.

56. The Defendants are unable to provide the full name and address of any person who, in point of fact, will testify that he or she was present and actually saw this Plaintiff Arsenault sign any John M. Arsenault signatures which appear on any document which the Defendants rely upon to impose three to five semesters of student loan liability upon this Plaintiff in this action.  Again, the documents, be it Exhibit 1:

    A.    Have <u>no</u> witness signatures <u>lines</u>.
    B.    Have <u>no</u> witness <u>signatures</u> anywhere on the document.
    C.    Have <u>no</u> Notary Public signature attestation.
    D.    Are <u>not notarized</u>.
    E.    Have no <u>self-affirmation penalty (fine or imprisonment) oath</u>.
    F.    Are entirely without any provision which insures that the person signing it is that person.
    G.    Are not memorialized or captured by any photograph.
    H.    Were not photographically recorded when signed
    I.    Are entirely without any provision which insures that the person signing it is that person.

57. And, thus, this is how, according to the Plaintiff's best beliefs and the above, his identity was stolen. Somebody, he does not know who, stole his identity by signing his name and inserting his personal data on three to five student loan applications and/or notes and submitted them to MSU without his involvement and/or assistance and/or without any notice to him. It could be his daughter, it could be his ex-wife. He does not know.

## COUNT V

### UNREASONABLE CHALLENGE REQUIREMENTS AND DEFICIENCIES

58. Mr. Arsenault incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

59. The above portions of this Complaint take issue with the USDE position that these four to five loans were purportedly made to Plaintiff Arsenault and cites Regulations at 34 CFR 685.215 and 34 CFR 682.402 which pertain to USDE rules governing the payment of claims based on false certification of a borrower's eligibility for a loan.

60. One of the constantly re-written CFR provisions specifically allow a victim of identity theft to submit an application to USDE for forgiveness of a student loan liability involving an identity theft victim, See, 34 CFR 685.215 and 34 CFR 682.402. Revised regulations were set to take effect July 1, 2017 but on October 20, 2017 the revised regulations were rescheduled to become effective July 1, 2018. In February 2018 the revised regulations were re-reset to become effective on July 1, 2019. See, Bauer v. DeVos (Federal Regulations). 17-cv-1330; Commonwealth of Massachusetts v. USDE, 17-cv-01331 (State Regulations). These USDE regulations have been the subject of great interest and criticism. As presently in effect, victims of identity theft are recognized with authority to petition the USDE to forgive the financial responsibility to repay identity theft victim loans. This complaint is such a petition.

## COUNT VI

### FAIR CREDIT REPORTING ACT

61. Mr. Arsenault incorporates by reference Paragraphs 1 through 60 as though fully set forth herein.

62. In the 4th Circuit, a Virginia man sued the USDE under the Fair Credit Reporting Act for refusing to remove erroneous USDE information which found its way into his credit reports. Plaintiff Arsenault seeks the same relief. <u>Lee Pele</u> v. <u>Pennsylvania Higher Education Assist Authority</u>, 4th Circuit (2019).

63. Plaintiff Arsenault demands of all the Defendants that they immediately remove all references to student loans from this Plaintiff's credit reports and pay damages.

## COUNT VII
## FALSE HEARING - APPEAL
### Unnamed Hearing Officer Opinion

64. Mr. Arsenault incorporates by reference Paragraphs 1 through 63 as though fully set forth herein.

65. Plaintiff Arsenault has changed residences twice since May 1, 2016 and, in the situation involving his divorce and the process of moving, never received, has lost and/or has misplaced the majority of the loan documentation sent and received prior to this action.

66. Request and recovery of this never received, lost and/or misplaced loan documentation is essential to the stating and arguing of his offenses and defenses.

67. The two loan documents Plaintiff Arsenault does have [(i.) a copy of the July 16, 2015 **MPN** (Exhibit 4) and (ii.) a copy of the May 1, 2016 **Summer 2016 Application Form Application** (Exhibit5)] are the only loan documents which he has been able to provide to this attorney. Despite written request, the USDE has failed and refused to provide copies of any and all documents which mention, describe and/or pertain to this $58,547.53 - $72,000+ sum at issue.

68. The USDE files and records pertaining to this action contain more than two [e.g. the July 16, 2015 **MPN** and (ii.) the May 1, 2016 **Summer 2016 Application Form Application** (Exhibits 4 and 5)] loan documents.

    A.    There are three Federal Direct Plus Loans which, according to USDE, total $58,547.53 for Account No. 1030384849 (Exhibit 6):

        1.    Debt No. 45076230 - sub-total not provided by USDE.

        2.    Debt No. 45076235 - sub-total not provided by USDE.

        3.    Debt No. 45076239 - sub-total not provided by USDE.

    B.    Plaintiff Arsenault has been orally told that he actually owes @$72,000+, but Plaintiff has not been provided with any documents whatsoever (especially notes, applications, semester records, correspondence, etc.) which found this $13,452.47 difference.

69.    Plaintiff Arsenault has received only two loan documents from USDE, (i.) a copy of the July 16, 2015 **MPN** and (ii.) a copy of the May 1, 2016 **Summer 2016 Application Form Application** since this attorney was retained. See, Exhibits 4 & 5.

70.    While Plaintiff Arsenault was waiting for the USDE to produce requested documents and forms needed to protect Plaintiff Arsenault rights and interests, the USDE made Plaintiff Arsenault submit a written certification of having obtained legal counsel and almost simultaneously "held" a "hearing" before an unnamed hearing officer   See, Exhibit 6, page 3.

71.    NO oral or written Notice of Hearing was sent by USDE or received by Plaintiff Arsenault and his attorney, not even a telephone call, fax or e-mail.

    -No Date noticed.

    -No Time noticed.

    -No Place noticed.

72.    The "unnamed hearing officer's" rendered decision was unfair, illegal and predictable;

> **"DECISION**  Because you did not provide the necessary documentation to support your claim, the Department has concluded that the debt described in the Notice of Proposed Treasury Offset is owed by you to the Department. Therefore, the Department will request the U.S. Department of Treasury to offset your federal

and/or state tax refunds and other payments to collect this debt."

**WHEREFORE**, given the above stated violations of 28 U.S.C. 1331, the Administrative Procedures Act ("APA"), 5 U.S.C. 701-706, and the Declaratory Judgment Act, 28 U.S.C. 2201-2202, to redress the violations of Plaintiff Arsenault's Constitutional and Federal statutory rights, Plaintiff Arsenault respectfully demands the following relief:

A.  This Court enter a judgment/order which immediately stays Defendant Secretary Devos and/or her USDE subordinates and any and all presently pending and active USDE administrative proceedings, including but not limited to;

> i.  Unilateral ex parte determination hearings which do not include Plaintiff Arsenault and his undersigned attorney as participants nor the right pretrial/hearing discovery (denied), the right to be heard, to present documents, to present a case/defense and to argue Plaintiff Arsenault's factual and legal contentions and positions.
>
> ii  Also stay (interim, temporarily and permanently) the USDE from requesting the U.S. Department of the Treasury to offset Plaintiff Arsenault's "federal and/or state tax refunds and other payments to collect this debt." Exhibit 6, page 3.

B.  This Court enter a judgment/order which provides that the first MPN and any and all other loans (except the Summer 2016 loan actually signed by Plaintiff Arsenault) be held void and null, void and unenforceable against this Plaintiff.

C.  A judgment which compels all of the Defendants to immediately provide, by date, a full, complete and detailed accounting of:

> (i.)  Every sum ever paid by each of the Defendants to or on behalf Kelley M/ Arsenault, and
>
> (ii.)  Every sum ever received as payment of student loans by each of the Defendants from or on behalf of Kelley M. Arsenault.

D.  A judgment which specifies actual, compensatory and putative damages be awarded by

this Court against each and every Defendant who violated Plaintiff Arsenault's Constitutional, Federal and regulatory rule rights, 28 U.S.C. 1331, the Administrative Procedures Act ("APA"), 5 U.S.C. 701-706, the Declaratory Judgment Act, 28 U.S.C. 2201-2202, the common law and Michigan's statutory law.

E.  A judgment from the Court finding that each and every defendant violated Plaintiff Arsenault's Constitutional, Federal, the common law and Michigan's statutory law.

F.  An award from the Court of actual, compensatory and punitive damages against all of the Defendants, jointly and severally, for having been found to have violated Plaintiff Arsenault's Constitutional, Federal and regulatory rule rights, 28 U.S.C. 1331, the Administrative Procedures Act ("APA"), 5 U.S.C. 701-706, the Declaratory Judgment Act, 28 U.S.C. 2201-2202, and the common law and Michigan's statutory law (MCL 440.3401) in bad faith.

G.  The entry of a judgment in favor of Defendant USDE against Plaintiff Arsenault in the amount of @$5,200 (the #2 "loan") to be paid in reasonable installment payments to the USDE.

H.  Enter an order which orders and compels Defendant USDE to immediately void, set aside and cancel any and all used orders, requests or documents sent by the Defendant USDE to the U.S. Department of the Treasury to compel offset Plaintiff Arsenault's "federal and/or state tax refunds and other payments to collect this debt" and which also orders and compels USDE to send copies to (i.) Plaintiff Arsenault and (ii.) his attorney of all correspondence and/or documents sent or received in this regard.

I.  Enter an order which orders and compels DEFENDANT USDE to, within 30 days after the judgment has been entered, send to all three major credit card companies (e.g. Experian, Equifax, and Transunion) a written notice which advises each of them that no sum is presently owed by the Plaintiff Arsenault on any Kelley M. Arsenault account).

J.  An award of all the Plaintiff's actual costs of this suit, prejudgment interest and

reasonable attorney's fees, pursuant to 42 U.S.C. 1988 and all further relief as this Court deems just and proper.

/s/ SAMUEL J. BEHRINGER JR

**Samuel J. Behringer, Jr.** P-23751
Attorney for Plaintiff John Michael Arsenault
333 McKinley Avenue
Grosse Pointe Farms, MI 48236-3420
Telephone (313) 885-1948
Fax         (313) 886-6443
E-Mail    sblawd35@msn.com
April 2, 2019

*John M Arsenault*

## COMPLAINT VERIFICATION

STATE OF MICHIGAN )
                 ) ss.
COUNTY OF Wayne )

Subscribed and sworn to before me by a person who first identified himself to me as being John Michael Arsenault, Michigan Driver's License No. A 625 429 603 258, who also stated that the above statements of fact, according to his best present information and beliefs, are true, accurate and correct.

NOTARY PUBLIC, Macomb County, Michigan
My Commission expires: 4 / 10 / 2025

JACQUETTA TERRELL
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF MACOMB
My Commission Expires April 10, 2025
Acting in the County of Wayne