UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MICHAEL ARSENAULT,

    Plaintiff,                                     Civil Action No. 19-CV-11013

vs.                                             HON. BERNARD A. FRIEDMAN

SECRETARY BETSY DEVOS, et al.,

    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS MICHIGAN STATE UNIVERSITY'S AND GREAT LAKES HIGHER EDUCATION CORPORATION'S MOTIONS TO DISMISS

This matter is presently before the Court on the motions to dismiss filed by defendants Michigan State University ("MSU") and Great Lakes Higher Education Corporation ("Great Lakes") [docket entries 12 and 20]. Plaintiff has filed a response in opposition to MSU's motion, and MSU has filed a reply. Plaintiff has not responded to Great Lakes' motion, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

*Background*

This action challenges "the wrongful and unlawful denial" of plaintiff's February 5 and March 7, 2019, loan discharge applications, in which plaintiff sought "federal student loan discharges by [defendants] the U.S. Department of Education [('USDE')] and Secretary Bet[s]y DeVos . . . due to the invalidity and identity thefts of three [to] five USDE student loans."[1] Compl. ¶ 8; *id.*, Exs. 1-2. This action

---

[1] Copies of plaintiff's loan discharge applications are attached to the complaint. The February 5 application is filled out by hand and signed by plaintiff. Compl., Ex. 1. The March 7

> also challenges, pursuant to the [Administrative Procedure Act ("APA")], Defendants' unlawful delays of the effective date of an updated *false certification discharge eligibility rule* intended to clarify student loan debt discharge eligibility for involuntary USD[E] student loans made to citizens who have found themselves unknowingly and involuntarily taken advantage of by others and made the victims of identity theft.

*Id.* ¶ 9 (alterations added) (emphasis in original). Plaintiff states that he is a "victim[] of identity theft" and that this lawsuit is a petition to the USDE for "forgive[ness] [of] the financial responsibility to repay identity theft victim loans." *Id.* ¶ 60.

At issue in this case are a "Federal Direct PLUS Loan Master Promissory Note" from the William D. Ford Federal Direct Loan Program "for one or more Federal Direct PLUS . . . Loans," a "Summer 2016 Federal PLUS Loan" for $6,133.00, and three "Federal Direct PLUS Loans" totaling $49,195.00. *Id.*, Exs. 4-6. The master promissory note and the loans identify plaintiff as the borrower,[2] and their stated purpose is to fund his daughter's undergraduate education at MSU. *Id.*

Plaintiff claims that he "never actually signed" the master promissory note dated July 16, 2015, that bears his electronic signature. *Id.* ¶ 11. He "admits" that he signed the application for the Summer 2016 loan on May 1, 2016, *id.* ¶ 26, but states that he "never knew, never planned and never consented to be liable for" what he believes are three to five other loans

---

application is blank except for plaintiff's personal information, plaintiff's signature, and the date. *Id.*, Ex. 2. The Court considers the exhibits attached to the complaint given that "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Koubriti v. Convertino*, 593 F.3d 459, 463 (6th Cir. 2010) (quoting *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007)).

[2] Plaintiff's name appears on the master promissory note and on the September 2016 loan application, both of which are attached to the complaint. Compl., Exs. 4-5. A letter signed by a USDE Borrowing Services Hearing Official is also attached to the complaint. *Id.*, Ex. 6. Plaintiff states in the complaint that "[d]espite repeated requests for documents, . . . [n]o document has been produced by USDE to evidence any subsequent loans" (subsequent to the Summer 2016 loan application). *Id.* ¶¶ 35, 55, 67-69.

that post-date the master promissory note and the Summer 2016 loan application because he did not sign "any MSU Plus Loan Application (or any other student loan application) after his May 1, 2016 signature." *Id.* ¶¶ 25, 30, 51. Plaintiff alleges that at some point "after the $6,133.00 loan was made" he contacted "the MSU Student Loan office" and Great Lakes, the loan servicer, by telephone and told them about his lack of knowledge and consent with respect to the master promissory note and any loans other than the Summer 2016 loan, yet "within days after he hung up, MSU and Great Lakes disbursed a third and then subsequently made and disbursed two to three other semester student loans without any pre-notice to him." *Id.* ¶¶ 31-32. Plaintiff claims that he learned of these other loans "when I tried to get preapproved on a mor[t]gage back in Oct[.] of 2016." *Id.*, Ex. 1 (PageID.20). He claims that these other loans "were arranged by unknown persons other than Plaintiff," *id.* ¶ 30, and that his identity was stolen. *Id.* ¶¶ 41-42, 57.

In a Voluntary Statement Form he submitted to the Chesterfield Police Department, plaintiff claimed that when he asked Great Lakes for a copy of the master promissory note, Great Lakes sent him "a bill" indicating that the "loan is up to $70,634.24."[3] *Id.*, Ex. 1 (PageID.20). A letter signed by a USDE Borrowing Services Hearing Official that is addressed to plaintiff and attached to the complaint as Exhibit 6 indicates that as of February 4, 2019, the outstanding balance on plaintiff's account for the three "Federal Direct PLUS Loans" was $58,547.53, with "$51,749.92 in unpaid principal and $6,797.61 in accrued interest." *Id.*, Ex. 6 (PageID.41, 43). The letter explains that at some point after the three loans were declared to be in default, Great Lakes assigned the account to the USDE's Default Resolution Group. *Id.* (PageID.41). The loans

---

[3] A copy of plaintiff's handwritten statement appears together with plaintiff's February 5 loan discharge application in Exhibit 1 of the complaint.

3

were entered into the USDE's database on December 6, 2018. *Id.* As of the date of the letter the USDE had received no payments towards the account. *Id.* (PageID.42).

The USDE hearing official's letter states that the letter is a "response to [plaintiff's] recent request for a hearing on your objection to offset your federal and/or state tax refunds and other payments for a debt held by the U.S. Department of Education, Federal Student Aid." *Id.* (PageID.41). The letter contains information about how to apply for a loan discharge, including "an identity theft discharge." *Id.* (PageID.42-43). It informs plaintiff that based on a review of documentary evidence,[4] plaintiff's "student aid obligation [is] past due and legally enforceable," and therefore, the USDE "will request the U.S. Department of the Treasury to offset your federal and/or state tax refunds and other payments to collect this debt." *Id.* (PageID.43). Plaintiff "ha[d] the option to avoid [this] offset . . . by sending payment in the amount of $58,547.53 . . . or by entering into a repayment agreement satisfactory to the Department . . . ." *Id.*

On April 5, 2019, plaintiff initiated this action against Secretary of Education Betsy DeVos, the USDE, MSU, and Great Lakes "pursuant to 28 U.S.C. 1331, the Administrative Procedures Act ('APA'), 5 U.S.C. 701-706, and the Declaratory Judgment Act, 28 U.S.C. 2201-2202, the common law and Michigan's statutory law (e.g. Michigan's Uniform Commercial Code)." *Id.* at 1. Plaintiff also references the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

---

[4] In Count VII, which is entitled "False Hearing – Appeal," plaintiff alleges that the USDE "'held' a 'hearing' before an unnamed hearing officer" without notice to plaintiff and that the "'unnamed hearing officer's' rendered decision" in the letter attached as Exhibit 6 "was unfair, illegal and predictable." Compl. at 12; *id.* ¶¶ 70-72. But the letter, which is addressed to plaintiff, indicates that "[a]n oral hearing was not conducted because you did not provide sufficient information or explain why your objection cannot be resolved through a review of documentary evidence." *Id.*, Ex. 6 (PageID.41). The letter states that the following evidence was considered in rendering the decision: "We reviewed the documents you provided, information in the Department's electronic records regarding your account, and the enclosed promissory note from your file." *Id.*

1681. *Id.* at 11; *id.* ¶ 62. The complaint contains seven counts. Count I is entitled "MPN Liability Does Not Exist Because the Purported Borrower Never Actually Signed the MPN Note." *Id.* at 3 (emphasis in original). Count II is entitled "Liability Admitted on 'Summer 2016 Loan.'" *Id.* at 5. Count III is entitled "No Liability for Other Three to Five Loans." *Id.* at 6. Count IV is entitled "Regulation of Claims Based on False Certification." *Id.* at 7. Count V is entitled "Unreasonable Challenge Requirements and Deficiencies." *Id.* at 11. Count VI is entitled "Fair Credit Reporting Act." *Id.* Count VII is entitled "False Hearing – Appeal." *Id.* at 12.

For relief, plaintiff asks that the master promissory note "and any and all other loans (except the Summer 2016 loan actually signed by Plaintiff Arsenault) be held void and null, void and unenforceable against [him]," *id.* at 14, and that the USDE be prevented from "request[ing] the U.S. Department of the Treasury . . . offset [his] federal and/or state tax refunds and other payments to collect this debt." *Id.* at 15 (quoting *id.*, Ex. 6 (PageID.43)). Plaintiff also wants defendants to notify the credit reporting agencies that "no sum is presently owed" by plaintiff and to "immediately remove all references to student loans" from his credit reports. *Id.* ¶ 63; *id.* at 14. He asks for an immediate stay of any pending "USDE administrative proceedings." *Id.* at 14. In addition, plaintiff seeks accounting information regarding the loans, as well as a declaratory judgment, damages, costs, interest, and attorney fees "pursuant to 42 U.S.C. 1988." *Id.* ¶ 27; *id.* at 14-16.

*MSU's Motion to Dismiss*

It is unclear from the face of the complaint which counts are directed specifically against MSU. Plaintiff refers to the loans in dispute as "MSU federal student loans," *id.* ¶¶ 25, 30, and indicates that the Summer 2016 loan was taken out to cover part of his daughter's undergraduate tuition at MSU. *Id.* ¶¶ 22, 49. He alleges that MSU disbursed three to four loans

without prior notice after he communicated to its student loan office that he did not know about, and did not consent to, any loan that was not the Summer 2016 loan. *Id.* ¶¶ 31-32. MSU argues that dismissal of the complaint is appropriate under Fed. R. Civ. P. 12(b)(6) because the complaint fails to state a claim against this defendant. MSU also argues that dismissal of "Plaintiff's state law claims, to the extent he is asserting any," is appropriate because MSU has sovereign immunity under the Eleventh Amendment. Def. MSU's Br. at 16.

In his response, plaintiff makes no mention of the issue of Eleventh Amendment immunity and states that MSU's arguments as to potential state-law claims "need not be addressed" because the complaint contains no "reference to state law." Pl.'s Resp. at 8-9. As to the claims plaintiff says he has directed at MSU, plaintiff clarifies that the complaint "takes issue with Defendant MSU's originating conduct with the drafting of the notes involved in this action before assignment to Great Lakes." *Id.* at 4. By "originating conduct" plaintiff appears to mean that

> [s]omebody, he does not know who, stole his identity by signing his name and inserting his personal data on three to five student loan applications and/or notes and submitted them to MSU without his involvement and/or assistance and/or without any notice to him. It could be his daughter, it could be his ex-wife. He does not know.

*Id.* (quoting Compl. ¶ 57). Plaintiff claims that MSU "is completely ignor[ing]" the likelihood of "someone unknown to [him] plac[ing] a mechanical signature on the [master promissory note] without [his] knowledge." *Id.* at 6. Plaintiff argues that MSU "continues to ignore its stated roles in the loan originating, execution and servicing process," and he asserts that he states a valid claim against MSU in paragraphs 10 through 13 of the complaint[5] and because MSU's "mechanically printed" name appears on the master promissory note. *Id.* at 5-7.

---

[5] Paragraphs 10 through 13 of the complaint allege:

Plaintiff's state and federal claims against MSU are barred because MSU is a state entity that enjoys Eleventh Amendment immunity. As Judge Maloney recently explained,

> [r]egardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to . . . suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Sixth Circuit long ago recognized that Michigan state universities are immune from suit. *See, e.g.*, *Estate of Ritter by Ritter v. Univ. of Mich.*, 851 F.2d 846, 848-50 (6th Cir. 1988).

*Johnson v. Ferris State Univ. Dep't of Pub. Safety*, No. 1:17-CV-473, 2017 WL 2991713, at *2 (W.D. Mich. July 14, 2017) (alteration added); *see also Satgunam v. Basson*, No. 1:12-CV-220,

---

> 10. Section 3-401(1) of the Uniform Commercial Code, as enacted in the State of Michigan at MCL 440.3401(1), states "A person is not liable on an instrument unless (i) the person signed the instrument…" See, Exhibit 3. This "rule is as old as the law merchant". White & Summers, Handbook of The Law Under the Uniform Commercial Code, Page 399, West Publishing Co. 1972; Commercial Sav. Bank v. C&J Wood Products Co., 46 Mich. App., 207 NW2dd 401, 28 UCCRS 715.
>
> 11. Plaintiff Arsenault never actually signed the July 16, 2015 **DIRECT LOANS – FEDERAL DIRECT PLUS LOAN – MASTER PROMISSORY NOTE ("MPN").** See, lower left hand corner, 1st page of Exhibit 4.
>
> 12. The Merriam-Webster Dictionary defines "signature" as "the name of a person written by himself of herself (emphasis added)." See, The Merriam-Webster Dictionary, page 679 (1997).
>
> 13. "John M. Arsenault", as it appears on Exhibit 4, is not a signature written by John M. Arsenault[] himself.

Compl. ¶¶ 10-13 (emphasis in original). These paragraphs appear within Count I, which is entitled "MPN Liability Does Not Exist Because the Purported Borrower Never Actually Signed the MPN Note." *Id.* at 3 (emphasis in original).

2012 WL 12978441, at *2 (W.D. Mich. Oct. 26, 2012) (stating that "the State of Michigan [has never] consented to suit in federal court" (alteration added) (citing *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004)). There is no indication that MSU has waived its immunity, and it affirmatively states in the instant motion that it has not done so. MSU's immunity is uncontested by plaintiff. Thus, MSU is immune from suit and plaintiff's claims against it are barred by the Eleventh Amendment. The Court shall grant MSU's motion to dismiss on this basis.

***Great Lakes' Motion to Dismiss***

The counts in the complaint are not directed at any particular defendant, including Great Lakes. Aside from allegations throughout the complaint that reference "defendants," plaintiff alleges that along with MSU, Great Lakes disbursed three or four "semester student loans without any pre-notice to him" just days after he contacted it by telephone and communicated his lack of knowledge and consent regarding the master promissory note and any loan excluding the Summer 2016 loan. Compl. ¶¶ 31-32. Plaintiff does not indicate how this alleged act constituted a statutory violation or which statute he believes Great Lakes violated. Great Lakes seeks dismissal of plaintiff's claims under Fed. R. Civ. P. 9(b) and/or 12(b)(6) on the grounds that plaintiff "has failed to plead . . . fraud with the requisite particularity" and his claims "fail to state a claim upon which relief may be granted." Def. Great Lakes' Br. at 3, 14. Plaintiff has not filed a response refuting Great Lakes' arguments for dismissal.

Plaintiff asserts in his response that "[t]here is no[]" reference to state law in the complaint, Pl.'s Br. at 9, but he does not dispute that his claims involve the APA, the Declaratory Judgment Act, and the FCRA. Plaintiff's factual allegations with respect to Great Lakes do not clearly assert a violation of these statutes (or any other statute). Even accepting plaintiff's factual allegations as true, they are deficient because they fail to give Great Lakes "fair notice of what the

8

claim is and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)).

Even if plaintiff had plead sufficient factual content to assert a violation of the APA by Great Lakes, which he has not, such a claim would fail. "The APA allows judicial review for persons 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action,' and defines 'agency' as 'each authority of the Government of the United States . . . .'" *Sw. Williamson Cty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) (quoting 5 U.S.C. §§ 701(b)(1), 702). Plaintiff indicates that Great Lakes is a "private corporation," *id.* ¶ 7, and therefore the APA does not apply to it. Moreover, to the extent plaintiff intends to assert a claim under the Declaratory Judgment Act, any such claim fails because that statute does not create "an independent cause of action." *McClain v. Deutsche Bank Nat'l Tr. Co.*, No. 18-10452, 2018 WL 2560418, at *4 (E.D. Mich. June 4, 2018).

Finally, plaintiff's allegations regarding the FCRA are insufficient to state a claim against Great Lakes. Count VI, entitled "Fair Credit Reporting Act," states in its entirety:

> 61. Mr. Arsenault incorporates by reference Paragraphs 1 through 60 as though fully set forth herein.
>
> 62. In the 4th Circuit, a Virginia man sued the USDE under the Fair Credit Reporting Act for refusing to remove erroneous USDE information which found its way into his credit reports. Plaintiff Arsenault seeks the same relief. Lee Pele v. Pennsylvania Higher Education Assist Authority, 4th Circuit (2019).[6]
>
> 63. Plaintiff Arsenault demands of all the Defendants that they immediately remove all references to student loans from this Plaintiff's credit reports and pay damages.

---

[6] Plaintiff's reliance on *Lee v. Pennsylvania Higher Ed. Assistance Agency*, 628 F. App'x 870 (4th Cir. 2015), is misplaced. In that case, the court of appeals simply held that the defendant is not entitled to Eleventh Amendment immunity because it is not an arm of the state and remanded plaintiff's FCRA claim for further proceedings. That case has no application here, as Great Lakes does not claim Eleventh Amendment immunity.

Compl. ¶¶ 61-63 (emphasis in original). Dismissal of plaintiff's FCRA claim to the extent it is asserted against Great Lakes is appropriate because plaintiff "has failed to plead either the particular section of the statute he believes was violated or the group under which he believes [Great Lakes] falls." *Hurtwitz v. Pinnacle Fin. Grp., Inc.*, No. 14-10040, 2014 WL 2479999, at *3 (E.D. Mich. June 3, 2014); *see also Sloan v. Trans Union, LLC*, No. CIV.A. 10-10356, 2010 WL 2805278, at *3 (E.D. Mich. June 23, 2010), *report and recommendation adopted*, No. CIV. 10-10356, 2010 WL 2804930 (E.D. Mich. July 15, 2010) (recommending dismissal of plaintiff's FCRA claims for failure to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), because "plaintiff's complaint and response merely make conclusory allegations regarding her FCRA claim and they are devoid of any factual allegations rendering those claims plausible"). Plaintiff presents no factual allegations in the complaint that Great Lakes has violated any provision of the FCRA showing that he is entitled to relief.

*Conclusion*

For the reasons stated above,

IT IS ORDERED that defendant MSU's motion to dismiss is granted.

IT IS FURTHER ORDERED that defendant Great Lakes' motion to dismiss is granted.

Dated: July 26, 2019  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge